IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 3:10-cv-000303-bbc |
| | ) |
| DAIRYLAND POWER COOPERATIVE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure, Defendant Dairyland Power Cooperative ("Dairyland") respectfully moves this Court for a protective order to limit Plaintiff Sierra Club's ("Sierra Club") overbroad discovery requests. Specifically, Dairyland objects to Sierra Club's Request for Production No. 7 on the grounds that it seeks information on projects other than those identified as alleged violations in Sierra Club's Complaint. Projects other than those identified as alleged violations in Sierra Club's Complaint are not relevant to any claim at issue, and therefore beyond the scope of permissible discovery. This is particularly true where Sierra Club styles this case as a Clean Air Act ("CAA" or "the Act") enforcement action. Under 28 U.S.C. § 7604(b), Sierra Club lacks the authority to expand the case beyond the Notice of Intent to sue upon which it is based. It therefore cannot expand the scope of the case by propounding overbroad discovery requests. *See United States of America v. East Kentucky Power Cooperative, Inc.*, No. 5:04-cv-34-KSF (E.D. Ky. Dec. 1, 2005) (granting a motion for protective order, and rejecting the government's request for discovery on projects that were not identified in the complaint or its pre-suit notice) (attached as Exhibit A). For these

1


reasons, as set forth more fully below, the Court should therefore enter a protective order prohibiting discovery on projects other than those identified in Sierra Club's Complaint.

## PROCEDURAL BACKGROUND

Dairyland is a not-for-profit cooperative association based in La Crosse, Wisconsin. It generates and transmits electricity to 25 electric distribution cooperatives and 16 municipal utilities, which in turn deliver electricity to approximately 600,000 members. Sierra Club is an environmental advocacy organization headquartered in San Francisco, California.

On June 8, 2010, the Sierra Club filed a complaint against Dairyland, alleging that several Dairyland projects constituted "major modifications" under the Prevention of Significant Deterioration ("PSD") provisions of the CAA and under Wisconsin law.[1] In that Complaint, Sierra Club identified 22 separate projects, undertaken at various times between 1993 and 2009, at three electric generating plants owned and operated by Dairyland: the Alma and J.P. Madgett stations in Alma, Wisconsin, and the Genoa station in Genoa, Wisconsin. *See* Doc. No. 1. Because 20 of the 22 projects named in Sierra Club's Complaint took place more than five years before commencement of this action, Dairyland has filed a partial motion to dismiss invoking the five year statute of limitations, 28 U.S.C. § 2462. *See* Doc. No. 13.[2]

Despite the fact that most of the alleged PSD violations are barred by the statute of limitations, the parties commenced discovery on all projects alleged to form the basis of Sierra Club's PSD claims. Apparently unsatisfied, Sierra Club has propounded discovery requests seeking documents on projects other than those at issue in its Complaint. At issue in this motion

---

[1] Sierra Club also included Title V claims derived from the separately-pled PSD claims as well as claims for violations of specified limits on visible emissions ("opacity") and carbon monoxide ("CO").

[2] That motion also pointed out the legal infirmities of Sierra Club's Title V claims based upon alleged PSD violations.

is Sierra Club's Request for Production No. 7, in which it seeks all the documents and information Dairyland has provided to the United States Environmental Protection Agency ("EPA") since 2000 in response to information requests issued by EPA under Section 114 of the Act, 42 U.S.C. § 7414.  *See* Exhibit B (Plaintiff's First Set of Requests for Production).

The information and documents Dairyland submitted to EPA in response to the Section 114 requests, much of which Dairyland submitted under a claim of confidential business information, included voluminous project-related information for a wide range of projects Dairyland had done over the years – projects other than those at issue in Sierra Club's Complaint.  This includes, for example, capital appropriation requests, work orders, outage reports, and project justifications for any project that involved "replacement or substantial replacement of burners, pulverizers, cyclones, economizers, reheaters, superheaters and air heaters for each operating unit."  *See* Exhibit C (Response to Appendix C, Request No. 15) at 12-15.  Only eight of the dozens of projects included in Dairyland's Section 114 responses overlap with Sierra Club's Complaint.[3]  It is not apparent how project-related documents for projects other than those at issue are relevant to any claim at issue.  For example, the work orders pertaining to Dairyland's insulation of the boiler at Alma Unit 3 in 1988 do not bear on the separate projects (commencing in 1993 or later) at this or any other unit.
It has even less to do with Sierra Club's opacity or CO claims.

Before filing this motion, counsel for Dairyland met and conferred with counsel for Sierra Club in a good faith attempt to resolve the dispute.  Although Sierra Club was willing to acknowledge that Dairyland should not have to provide documents pertaining exclusively to a

---

[3] Dairyland has explained that it will provide documents on the Sierra Club projects without regard to whether they were previously produced to EPA in a Section 114 response.  But still Sierra Club wants more:  the entire Section 114 document production.

co-owned unit that is not even at issue in this case (Weston Unit 4), Sierra Club maintains that all other information Dairyland provided to EPA pursuant to 42 U.S.C. § 7414 is relevant – regardless of the date of the document or the project it references.[4]

## ARGUMENT

### A. Sierra Club's request for Section 114 information, over and above the documents on the projects at issue, should be rejected as not relevant to any pending claim or defense.

Dairyland does not seek to limit discovery altogether; rather to limit discovery to the issues presented and logically related to the Complaint.[5] Sierra Club is entitled to discovery on the claims it has actually brought, not to determine whether additional, unasserted claims against Dairyland *might* exist. *See Cohen v. Illinois Inst. of Tech.*, 524 F.2d 818, 827 (7th Cir. 1975) ("[P]laintiff is entitled to the fullest opportunity to adduce evidence in support of her claim. But she is not entitled to a trial, or even to discovery, merely to find out whether or not there may be a factual basis for a claim which she has not made."). The fact that Dairyland's Section 114 production is not relevant to the claims pled is demonstrated by the parties' Joint Pretrial Report and Discovery Plan. That report sets forth a number of material legal and factual issues to be resolved – without making reference to the information included in Dairyland's Section 114 Responses. *See* Doc. No. 21 at 2-4.

Although the test for relevance in the discovery area may be a broad one, district courts may limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or

---

[4] Apparently, Sierra Club believes that project documents for unrelated projects are relevant to establish how Dairyland handles projects in general. That premise has no logical limit and would lead to an absurdly broad and unduly burdensome result.

[5] As noted, Dairyland will provide in discovery any documents submitted to EPA under Section 114 if they deal with the projects named in Sierra Club's Complaint.

less expensive" and the court should also consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002) (*quoting* Fed. R. Civ. P. 26(b)(1), *Rowlin v. Alabama,* 200 F.R.D. 459, 461 (M.D. Ala. 2001)). The Section 114 Responses exceeded several thousand pages of documents, containing proprietary, confidential, and commercially sensitive business information that is not at all relevant to the claims in Sierra Club's Complaint. A protective order is appropriate here given the lack of connection between the requests and the claims at issue and the burden on Dairyland to produce thousands of documents that are largely irrelevant. *See, e.g.*, *Martin v. Wal-Mart Stores, Inc.*, No. 07-C-3458, 2007 WL 4374175, at *4 (N.D. Ill., Dec. 4, 2007) (granting protective order to limit discovery to pertain only to products mentioned in the complaint). The overbroad nature of Sierra Club's Request No. 7 therefore presents good cause for this Court to limit that request to only those documents directly applicable to the projects at issue in this case.

### B. The Clean Air Act does not allow Sierra Club to expand the scope of the current litigation by making overbroad discovery requests.

Sierra Club has invoked the citizen suit provisions of the CAA as a basis for suit. Under 42 U.S.C. § 7604(b), no such action may be commenced prior to 60 days after the plaintiff has given notice of the alleged violation "to any alleged violator of the standard, limitation, or order …" allegedly violated. Under the Act, this is known as a Notice of Intent to sue or "NOI." "Strict compliance with the statutory notice requirements is a mandatory jurisdictional prerequisite to maintaining suit under the CAA and similar environmental laws." *Nat'l Parks Conservation Ass'n v. Tenn. Valley Auth.*, 175 F. Supp. 2d 1071, 1077 (E.D. Tenn. 2001). Because this Court lacks jurisdiction over citizen suit claims concerning any projects not

included in the Sierra Club's NOI,[6] Sierra Club should also be barred from taking any discovery on those projects.

Under similar circumstances, the United States District Court for the Eastern District of Kentucky issued a protective order prohibiting discovery of project documents other than those at issue in the complaint and the applicable pre-suit notice. *See East Kentucky Power Cooperative*, *supra*, at 5. Although the plaintiff there argued for the broad scope of discovery, the magistrate judge rejected that claim.

> Based on well-settled law that the EPA may only bring a civil action against an alleged violator of the Act on the basis of the charged violation(s) contained in a NOV previously issued to that alleged violator, the Magistrate Judge concludes that plaintiff lacks jurisdiction to assert any claims against EKPC that were not contained in the NOVs to EKPC. Likewise, it follows that plaintiff should be barred from obtaining discovery from EKPC concerning projects that were not contained in the NOVs and then contained in its complaint, since discovery concerning these other projects has no relevance to the claims or defenses asserted herein in respect to the three projects that form the basis for plaintiff's complaint against EKPC.

*Id.* at 5. The same reasoning applies here and defeats Sierra Club's attempt at overbroad discovery.

## **CONCLUSION**

For the foregoing reasons, Dairyland's motion should be granted.

---

[6] *See* Exhibit D (Plaintiff's October 2, 2009 NOI).

Respectfully submitted this 4th day of October, 2010.

                    **By:**  **/s/Nash E. Long, III**
                             Nash E. Long, III*
                             **WINSTON & STRAWN LLP**
                             214 N. Tryon Street
                             22nd Floor
                             Charlotte, NC 28202
                             Email: nlong@winston.com
                             (704) 350-7700
                             (704) 350-7800 ~ Fax

                             John M. Holloway, III*
                             Eric P. Gotting*
                             Elizabeth C. Williamson*
                             **WINSTON & STRAWN LLP**
                             1700 K Street, N.W.
                             Washington, D.C. 20006
                             Email: jholloway@winston.com
                                         egotting@winston.com
                                         ewilliamson@winston.com
                             (202) 282-5000
                             (202) 282-5100 ~ Fax


                             Jeffrey L. Landsman
                             **WHEELER, VAN SICKLE & ANDERSON, S.C.**
                             25 West Main Street, Suite 801
                             Madison, WI 53703
                             Email: JLandsman@wheelerlaw.com
                             (608) 255-7277
                             (608) 255-6006 ~ Fax

                             *Attorneys for Dairyland Power Cooperative*

                             *\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing **DEFENDANT'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

>David C. Bender
>Christa O. Westerberg
>Pamela R. McGillivray
>**MCGILLIVRAY WESTERBERG & BENDER, LLC**
>305 S. Paterson Street
>Madison, WI 53703
>Email: bender@mwbattorneys.com
>       westerberg@mwbattorneys.com
>       mcgillivray@mwbattorneys.com
>
>Elizabeth R. Lawton
>**MIDWEST ENVIRONMENTAL ADVOCATES, INC.**
>551 Main Street, Suite 200
>Madison, WI 53703
>Email: blawton@midwestadvocates.com

This 4th day of October, 2010.

                                                       /s/Nash E. Long, III
                                                       Nash E. Long, III*